# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 08-24** |
| **VERSUS** | * | |
| **CHARLES NEUMAN** | * | **SECTION "L"** |

## ORDER

Before the Court is the Defendant's Motion to Sever the Firearm Charge (Rec. Doc. 135). For the following reasons, the motion is DENIED.

The Defendant, Charles Neuman, is charged with conspiracy, trafficking in counterfeit goods, facilitating the importation of counterfeit goods, and being a felon in possession of a firearm (the "Firearm Charge"). On January 9, 2009, the Government returned a Second Superseding Indictment containing the Firearm Charge. At that time, the Defendant was scheduled to go to trial on January 26, 2009. In order to proceed to trial as previously scheduled, on January 19, 2009, the Defendant signed a waiver of the thirty-day restriction pursuant to 18 U.S.C. § 3161(c)(2). (Rec. Doc. 119).

The Defendant now moves to sever the Firearm Charge, arguing that joinder of the charge will prejudice his ability to defend himself against the allegations of conspiracy, trafficking in counterfeit goods, and smuggling, because, if not for the Firearm Charge, the jury would not otherwise learn of his prior felony conviction. In addition, the Defendant contends that the Government included the Firearm Charge in

retaliation for the Defendant's decision to go to trial.

Rule 8 of the Federal Rules of Criminal Procedure provides that two or more offenses may be joined if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." FED.R.CRIM.P. 8. The Fifth Circuit has explained that

> '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976). Consistent with the court's liberal interpretation of the term "transaction," the Fifth Circuit has further clarified that "Rule 8 is to be broadly construed in favor of initial joinder." *Id.* Nevertheless, a district court "may order separate trials of counts ... or provide any other relief that justice requires" if the court finds that the joinder of offenses, though proper, results in prejudice to the defendant. FED.R.CRIM.P. 14. In order to demonstrate prejudice under Rule 14, however, the burden is on the defendant to show "something more than the fact that a separate trial might offer him a better chance of acquittal." *Id.* at 762 (internal citations omitted).

According to the Government, the Defendant carried a gun in order to protect himself and his employees from potential robberies that might occur during the course of their alleged illegal activities. Indeed, the Government contends that several witnesses observed the Defendant carrying the gun at the same warehouse where he allegedly stored the counterfeit goods. As a result, the conspiracy charges, the trafficking charges,

and the Firearm Charge are clearly "based on ... two or more acts or transactions connected together or constituting parts of a common scheme or plan." FED.R.CRIM.P. 8. Further, there is no evidence that the joinder of offenses will result in undue prejudice to the Defendant. *See United State v. Richards*, 204 F.3d 177, 193 (5th Cir. 2000) (explaining that the defendant must show prejudice that would both prevent the district court from affording adequate protection and would outweigh the government's interest in judicial economy). Finally, there is no merit to the Defendant's argument that the Government included the Firearm Charge in retaliation for his decision to go to trial. The Government contends that it did not know of the existence of the gun or have sufficient evidence to charge the Defendant with its possession until on or about December 3, 2008, when one of the Defendant's alleged co-conspirators agreed to cooperate with the Government's investigation.

Accordingly, the Court finds that the offenses are properly joined and will not result in undue prejudice to the Defendant. Therefore, IT IS ORDERED that the Defendant's Motion to Sever (Rec. Doc. 135) IS DENIED.

New Orleans, Louisiana, this 22nd day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE