UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 08-24 |
| CHARLES NEUMAN | * | SECTION L |

## ORDER & REASONS

Before the Court is a motion for early termination of supervised release filed by Defendant Charles Neuman. R. Doc. 331. The Government opposes the motion. R. Doc. 337. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

On or about January 9, 2009, a grand jury returned a Second Superseding Indictment charging Neuman with one count of being a felon in possession of a firearm, in violation of Title 18, U.S.C. § 922(g); one count of conspiracy to traffic in counterfeit goods, in violation of Title 18, U.S.C. § 371; two counts of trafficking in counterfeit goods, in violation of Title 18, U.S.C. § 2320; and one count of smuggling goods, in violation of Title 18, U.S.C. § 545. R. Doc. 109. A jury subsequently fount Mr. Neuman guilty on all counts. R. Doc. 234. This Court thereafter sentenced Mr. Neuman to 210 months imprisonment followed by a five-year term of supervised release. R. Doc. 50 at 2-3. He was released from prison to begin his term of supervised release on August 12, 2022.

### II.  PRESENT MOTION

Mr. Neuman moves for early termination of his supervised release. R. Doc. 331. He avers that he has "been on supervised release without incident" and has "complied with all conditions while on supervision." *Id.* at 1. He notes that he is "able to retire" because "while incarcerated, he

1

patented a self-starting barbecue pit" and made "investments." *Id.* Overall, Mr. Neuman explains that "he and his daughter want to move to the Philippines to retire with family." *Id.*

The Government opposes the motion, making four arguments in support. R. Doc. 337. First, as to Mr. Neuman's alleged compliance with supervision, it notes that the law requires a defendant to demonstrate "exceptionally good behavior" and "something more than compliance" with the terms of supervised release to warrant early termination. *Id.* at 3. Moreover, the Government argues that Mr. Neuman has not, in fact, been fully complaint. *Id.* at 4. It represents that on October 4, 2023, a little over a year into his term of supervised release, Mr. Neuman was arrested by the Westwego Police Department for "Simple Burglary and Theft of $25,000 or more." *Id.* Although the charges were eventually dismissed, the Government contends that the arrest calls into question Mr. Neuman's compliance. *Id.*

Second, the Government argues that Mr. Neuman's alleged financial ability to retire simply has no bearing on whether he should be allowed early release. *Id.* at 5. It argues that "the interests of justice do not require that a defendant be able to retire abroad on his preferred timeline." *Id.*

Third, the Government points to the facts of Mr. Neuman's offense and his criminal history. *Id.* It notes that in the instant offense, he was designated an "organizer, leader, manager or supervisor" of a large-scale conspiracy to traffic approximately $632,075 in counterfeit goods. *Id.* At sentencing, Mr. Neuman was designated an "armed career criminal" based on his significant criminal history. *Id.* at 1. His past crimes include "convictions for three counts of first-degree robbery at gunpoint, three separate convictions for possession with intent to distribute marijuana, and theft of a vehicle." *Id.* at 5.

Finally, the Government argues that Mr. Neuman has a history of non-compliance with supervision. *Id.* at 6. He violated two separate terms of parole arising from 1993 and 1998 crimes.

*Id.* One such violation involved absconding the jurisdiction. *Id.* Additionally, his supervised release arising from a 1999 drug conspiracy charge was also revoked in 2003 for commission of new criminal activity. *Id.*

### III. LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). [1] District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination." *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.* A court must be convinced that termination is "warranted by the conduct of the defendant and the interest of justice." *United States v. Dixon*, No.13- 24, 2022 WL 3107904, at *1 (E.D. Tex. Aug. 4, 2022). A defendant bears the burden of demonstrating that early termination is warranted. *See id.*

In the instant case, the Court finds that Defendant has not carried his burden of demonstrating that early termination is warranted. First, as to his argument that he has "complied with all conditions while on supervision," the Court notes that settled case law holds that "compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *United States v. Jones*, No. 11-21, 2013

---

[1] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to defer criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

WL 2417927, at *1 (S.D. Tex. June 4, 2013). Moreover, Defendant's allegation of his good conduct is called into question by the Government's representation that he has been arrested on burglary and theft charges during his term of supervised release.

Defendant's other arguments for his release—that he has patented a barbecue pit, invested money, and would now like to retire to the Philippines—are also unavailing. The Court commends Mr. Neuman for his business success, and especially for his impressive accomplishment of patenting a product while incarcerated. However, the Court cannot conclude that this business activity is sufficiently "exceptional" to warrant early termination. *See United States v. Seymore*, No. 07-358, 2023 WL 3976200, at *2 (E.D. La. June 13, 2023) (explaining that although the defendant's operation of a successful lawn care business was "laudable," such activity was not so exceptional as to justify early termination).

Furthermore, other factors weigh against early termination. Mr. Neuman has only completed approximately half of his five-year term of supervised release. *See id.* (explaining that the defendant's completion of "only about half of his term" militated against early termination). Thus, "granting early termination would be a significant reduction" of Mr. Neuman's sentence. *Id.* Finally, the Court also agrees with the Government that several § 3553(a) factors weigh against early termination. Considering the "nature and circumstances of the offense and the history and characteristics of the defendant," the Court notes that Mr. Neuman's instant offenses involved a large-scale conspiracy of which he was a leader. 18 U.S.C. §3553(a). Further, he has significant criminal history including convictions for armed robbery at gunpoint. R. Doc. 337 at 5. As to the "need to protect the public from further crimes," the Court notes that Defendant has violated the terms of his supervision on three previous occasions. *Id.* at 6. These violations were significant, including the commission of new crimes and absconding supervision. *Id.* Overall, considering the

4

weight of all the factors, the Court finds that early termination is not warranted at this time.

IV.    **CONCLUSION**

For the foregoing reasons, Charles Neuman's Motion for early termination of supervised release, R. Doc. 331, is **DENIED** without prejudice.

New Orleans, Louisiana this 17th day of March, 2025

HONORABLE ELDON E. FALLON