**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 08-24** |
| **CHARLES NEUMAN** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is Defendant Charles Neuman's Motion for Early Termination of Supervised Release. R. Doc. 345. The Government opposes the Motion. R. Doc. 348. Considering the parties' briefing in light of the applicable law and record facts, the Court will GRANT the Motion for the following reasons.

## I. BACKGROUND AND PRESENT MOTION

On or about January 9, 2009, a grand jury returned a Second Superseding Indictment charging Neuman with one count of being a felon in possession of a firearm, in violation of Title 18, U.S.C. § 922(g); one count of conspiracy to traffic in counterfeit goods, in violation of Title 18, U.S.C. § 371; two counts of trafficking in counterfeit goods, in violation of Title 18, U.S.C. § 2320; and one count of smuggling goods, in violation of Title 18, U.S.C. § 545. R. Doc. 109. A jury subsequently found Mr. Neuman guilty on all counts. R. Doc. 234. This Court thereafter sentenced Mr. Neuman to 210 months imprisonment followed by a five-year term of supervised release. R. Doc. 50 at 2–3. He was released from prison to begin his term of supervised release on August 12, 2022.

In December 2024, Mr. Neuman filed an initial motion for early termination of his supervised release, R. Doc. 331, which this Court denied, R. Doc. 340. Mr. Neuman now renews his motion, asserting that early termination is now appropriate as he has served over four years of

his five-year term of supervised release. R. Doc. 345 at 2. Moreover, Mr. Neuman argues that, since the denial of his prior motion, he has continued to comply with the conditions of supervised release. *Id.* Mr. Neuman explains that he owns his own business, Quick Start Grill Inc., selling a self-starting barbecue pit that Mr. Neuman has patented. *Id.* Because the product is manufactured in China, Mr. Neuman states that his supervision and the associated restrictions on his liberty to travel "materially impair[] his ability to perform the international factory oversight necessary to maintain and expand his legitimate business." *Id.*

In opposition, the Government notes that a defendant must demonstrate more than mere compliance with the terms of supervised release to warrant early termination. R. Doc. 348 at 5. Additionally, the Government argues that the factors set out in 18 U.S.C. § 3553(a) do not justify early termination in this case. *Id.* at 6.

## II. LAW AND ANALYSIS

A district court may terminate supervised release at any time after one year has been served, provided that, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).[1] District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination." *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.* A court must be

[1] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to defer criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

convinced that termination is "warranted by the conduct of the defendant and the interest of justice." *United States v. Dixon*, No.13- 24, 2022 WL 3107904, at *1 (E.D. Tex. Aug. 4, 2022). A defendant bears the burden of demonstrating that early termination is warranted. *See id.*

Here, Mr. Neuman has served his period of incarceration and over four years of his five-year term of supervised release. His probation officer does not oppose early termination and confirms Mr. Neuman's general compliance with the terms of his supervised release. Moreover, Mr. Neuman has demonstrated exceptional rehabilitation in starting his own successful, legitimate business. Permitting Mr. Neuman to engage in international travel in order to oversee and grow his business serves the interest of justice by supporting Mr. Neuman's continued rehabilitation. In light of these facts, and considering the § 3553(a) factors, the Court therefore finds that supervision is no longer necessary.

## III. CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Mr. Neuman's Motion, R. Doc. 345, is **GRANTED**.

New Orleans, Louisiana this 2nd day of September, 2026.

Eldon E. Fallon

HONORABLE ELDON E. FALLON